No. 6112.

A. T. PORCHE VS. MRS. EMMA BODIN ET AL.

If, in this case, the sale under the foreclosure of the mortgage containing the non-alienation clause dissolved the lease of the plaintiff, still this did not transfer to the purchasers the crop of corn which was fully matured and ready to be gathered, and which did not belong to the mortgage debtor. Indeed, the mortgage certificate read at the sale and copied in the deed of the purchasers showed that the corn belonged to plaintiff. The crop was made before there was a seizure. It was the property of the plaintiff, less one fourth due for rent, and his title could not be divested in a proceeding to which he was not a party.

By the sale the purchasers acquired the property of the mortgage debtor, and the lessee had the right to remove his property, whether in the field or in the houses, from the leased premises.

55

The evident meaning of articles 465 and 466 of the Revised Code is, that where the crops belong to the owner of the plantation they form part of the immovable. and where it is seized, the fruits gathered or produced inure to the benefit of the seizing creditor.

A crop raised on leased premises in no sense forms part of the immovable. It belongs to the lessee, and may be sold by him, whether it be gathered or not, and it may be sold by his judgment creditors.

Besides, the law, if literally construed, only gives the benefit of the fruits gathered or produced during seizure to the seizing creditor. Here it is the purchasers who claim the benefit. The seizing creditor did not set up such a claim either in the proceedings to foreclose the mortgage; or in the advertisement and sale. He took no proceeding contradictorily with plaintiff looking to the sale of the property of the latter. On the contrary, the evidence shows that the crop was not sold. Defendants should be satisfied to get what they purchased. No one should be permitted to enrich himself at the expense of another.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie*, J. Jury trial. *N. H. Rightor* and *I. D. Moore*, for plaintiff and appellant. *Goode & Winder*, for defendants and appellees.

WYLY, J. Plaintiff leased in March, 1873, by act under private signature and duly recorded, sixty arpents of land, being part of the plantation purchased by Mrs. Emma Bodin from F. S. Goode, in June, 1868. Pending the lease, to wit: in August, 1873, the plantation was seized under foreclosure of the mortgage given to secure the purchase price, and it was sold in September following to the defendants, Bonvillain and Burguieres.

The purchasers claimed the corn crop standing in the field leased to plaintiff, on the ground that the mortgage under which they purchased the property containing a *non-alienation* clause, the sale dissolved the lease, and the standing crop, being a part of the plantation, passed to them by the sale.

By the terms of the lease plaintiff was to give one fourth of the corn produced in payment of the rent.

The contract of lease was mentioned in the mortgage certificate incorporated in the deed to the purchasers.

Plaintiff sues to be decreed the owner of three fourths of the corn, and he enjoins the defendants from gathering and appropriating the corn.

Defendants, Bonvillain and Burguieres, caused the injunction to be released on bond for one thousand dollars.

The court below gave judgment on the verdict of a jury, rejecting plaintiff's demand and dismissing his suit. Plaintiff appeals.

We think the court erred. If the sale under the foreclosure of the mortgage containing the *non-alienation* clause dissolved the lease, still this did not transfer to the purchasers the crop of corn, which was fully matured and ready to be gathered, and which did not belong to the mortgage debtor. Indeed, the mortgage certificate read at the sale and copied in the deed to the purchasers showed that the corn belonged to plaintiff. The crop was made before there was a seizure. It was the

property of plaintiff, less one fourth due for rent, and his title could not be divested in a proceeding to which he was not a party. By the sale the purchasers acquired the property of the mortgage debtor, and the lessee had the right to remove his property, whether in the field or in the houses, from the leased premises.

It is true, article 465 of the Revised Code says that standing crops are considered as immovable and as part of the land to which they are attached, and article 466 declares that the fruits of an immovable gathered or produced while it is under seizure are considered as making part thereof, and inure to the benefit of the person making the seizure. But the evident meaning of these articles is, where the crops belong to the owner of the plantation, they form part of the immovable, and where it is seized, the fruits gathered or produced inure to the benefit of the seizing creditor.

A crop raised on leased premises in no sense forms part of the immovable. It belongs to the lessee, and may be sold by him, whether it be gathered or not, and it may be sold by his judgment creditors. If it necessarily forms part of the leased premises the result would be that it could not be sold under execution separate and apart from the land. If a lessee obtain supplies to make his crop, the factor's lien would not attach to the crop as a separate thing belonging to his debtor, but the land belonging to the lessor would be affected with the recorded privilege. The law can not be construed so as to result in such absurd consequences.

Besides, the law, if literally construed, would only give the benefit of fruits gathered or produced during seizure to the seizing creditor. Here it is the purchasers who claim the benefit. The seizing creditor did not set up such a claim, either in the proceedings to foreclose the mortgage, or in the advertisement and sale. He took no proceeding contradictorily with plaintiff looking to the sale of the property of the latter. On the contrary, the evidence shows that the crop was not sold. Defendants should be satisfied to get what they purchased. They will not be permitted to despoil the plaintiff of the fruits of his industry or labor. No one should be permitted to enrich himself at the expense of another.

The cases in 9 Rob. 264, and in 14 An. 47, cited by defendants, were not like the one now before the court, where the crop belongs to a lessee and not to a seized debtor.

As the evidence fails to disclose the value of the corn belonging to plaintiff which has been taken and appropriated by defendants, the case must be remanded.

It is therefore ordered that the judgment herein be annulled, and it is decreed that this cause be remanded for trial according to law and the views herein expressed, appellee paying costs of appeal.

MORGAN, J., *dissenting.* On the twelfth of June, 1868, F. S. Goode sold a certain tract of land, cultivated as a plantation, to Mrs. Emma Bodin. The sale was made by public act, and was duly recorded. The terms of sale were notes, to secure which, special mortgage and vendor's privilege was reserved. The act of sale contained the pact *de non alienando.* Burguieres, holder of one of the mortgage notes, past due, caused the property mortgaged to be seized and sold under a judgment obtained by him against Mrs. Bodin. Bonvillain and Leupey Burguieres bought the property at the sheriff's sale.

Mrs. Bodin leased a portion of the property to A. T. Porche. The lease was by private act, and was passed on the first of March, 1873. Porche cultivated the land leased, and when the plantation was sold (sixth of September, 1873,) had on it a crop of corn standing in the field. The purchasers attempted to gather the crop, when they were stopped by this injunction.

The act of sale was notice to all persons having dealings with regard to the property conveyed by it, who were charged with notice of the terms upon which it was sold and the incumbrances which existed upon it. When, therefore, the plaintiff leased a portion of the land, he knew what responsibilities he was incurring and what risk he ran. I consider him to be in the same position that his lessor was. The lease was, in my opinion, a violation of the pact, and could not, therefore, affect the conditions of the sale or the condition of the property, and when the defendants purchased it they did so without any regard to the lease or the rights of the lessee as between the lessor and the lessee. When they acquired the land they became the owners of every thing which was growing thereon.

"Standing crops, and the fruit of trees not gathered, and trees before they are cut down, are likewise immovables, and are considered as part of the land to which they are attached." R. C. C. 465.

I do not understand how plaintiff can escape this positive provision of the Code. Certainly, if the standing crops are to be considered as part of the land, when the land is sold the purchaser can no more be deprived of what is growing upon the land than he can be deprived of the land itself.

In the case of Bludworth et al. vs. Hunter, 9 R. 206, the court said: "The standing crops at the time of the sale to Jacobs were attached to the land, and are considered a part thereof, and were included in the price given for it. If the plaintiff, in any further proceeding, should claim a share of that price, in the hands of the purchaser, and succeed, he will then get his share of the ungathered crop. In the fifth N. S. 52, this court said, the fruits of mortgaged property are subject to the mort-

gage only while in the hands of the mortgageor; they cease to be so when they accrue after the transfer of the original property to a *bona fide* purchaser and possessor."

In my opinion, therefore, the injunction was improperly issued; the judgment of the district court should be affirmed.